JACOB WILSON vs. FRANCIS B. C. TURPIN.—*June*, 1847.

The decisions of the Supreme Court of *The United States* are of conclusive force and effect when deliberately formed and expressed on a question of construction of the Constitution of *The United States*, or of an Act of Congress made pursuant thereto.

A vendor of land not being paid the price in full, made a conveyance to his vendee, who afterwards became a bankrupt under the laws of *The United States*. The vendor then filed his bill in Equity to enforce his lien for the balance due him, against a purchaser with notice from the assignee of the bankrupt. *Held*, that the vendor would have had full remedy *in the case* in the District Court of the United States, as an incumbrance on the premises sold, and that the title of the purchaser from the assignee could not be dis-turbed under this bill.

The assignee has authority to administer the assets of a bankrupt, whether real or personal, and especially to sell mortgaged estates, and of course to pass a title to the purchaser, in every case where the jurisdiction of the State Court had not attached.

APPEAL from the Court of Chancery.

The bill in this cause was filed on the 18th Dec., 1843, by the appellee, and alleges that in the year 1841, your complainant sold and conveyed by deed to a certain *Thomas Smoot*, for, &c., a certain mill, and mill-seat. That the said *Thomas Smoot* has had the possession, and has paid to your orator in sundry ways all of the said purchase money, except the sum of, &c., which your orator charges was due and unpaid on the 9th May, 1842, and yet remains due and unpaid with interest. That the said *Thomas Smoot* having become insolvent and bankrupt, and having been so decreed, upon his application to the District Court of the United States, for the Maryland District, a certain *William W. Laird* was, by order of the said court, appointed assignee, in bankruptcy, for the said *Thomas Smoot*, and the said *William W. Laird* as assignee, or agent as aforesaid, and with the consent of the said *Thomas Smoot*, has made sale of all the right and title of the said *Thomas Smoot*, in, and to the said property; and at said sale, a certain *Jacob Wilson*, of said county, has become the purchaser and highest bidder for the said property, for the sum of, &c., and has taken possession of the said property, and

now holds and claims the said property from and under the said *Thomas Smoot* as aforesaid. Your orator charges, that public notice was given at the said sale of the said assignee, or as agent of said *Smoot*, that your orator had a claim upon the said property, for the balance aforesaid of the purchase money, due as aforesaid. That the said *Jacob Wilson* became a purchaser of the said property as aforesaid, from and under the said *Thomas Smoot*, with knowledge that your orator held the claim as aforesaid upon the said property, for the balance of the purchase money. Prayer for a sale to enforce and satisfy the lien, &c.

The answer of *Jacob Wilson* admitted the sale to *Smoot*, but was ignorant how much, if any, of the purchase money was unpaid; and also admitted that said *Smoot* did become a bankrupt, that *William W. Laird* was appointed his assignee, and after giving bond as such, set up to auction, and sold clear of all incumbrances, the said property, when this respondent became the purchaser thereof; that by such sale all the rights and liens of said *Turpin*, if any he had, have been extinguished, and that his only redress is from the purchase money now in the hands of the said assignee. This respondent expressly denies that he heard said *Turpin*, or any one else, at said sale, or before, assert that he, said *Turpin*, had any claim to or upon said property, although said *Turpin* may have announced that statement; but he submits that if he did so, still said property was sold clear of all liens or incumbrances; and that said *Turpin's* only redress is from the assignee in bankruptcy; and that such has been the decision in the courts of the *United States*. That said *Smoot* has either paid or secured the whole of the purchase money of said property to said *Turpin*, and that thereby, as respondent is advised, the liens of said *Turpin* have been extinguished.

After proof taken, which is not material in reference to the question decided by this court, the Chancellor (Bland) on the 17th February, 1846, decreed the property to be sold for the payment of the complainant's claim—from which the defendant below appealed to this court.

The cause was argued before ARCHER, C. J., CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By R. JOHNSON for the appellants, and
By C. McLEAN for the appellee.

CHAMBERS, J., delivered the opinion of this court.

This court is relieved from the necessity of any elaborate discussion of the provisions of the bankrupt law of the United States, and its true construction as far as it regards the question involved in this appeal.

The decisions of the Supreme Court of the United States, at all times, and on all subjects, entitled to the most respectful consideration, are, we think, of conclusive force and effect when deliberately formed and expressed on a question of construction of the Constitution of the United States, or of an Act of Congress made pursuant thereto.

It is the opinion of the court, that the bankrupt law, under which the appellant claimed to exempt the real estate purchased by him at the sale of the assignee, must avail him according to the cases reported in 3 *Howard.*

In the case *ex parte Christie, Mr. Justice Story* pronouncing the opinion of the court, says: "the district courts possess jurisdiction to suspend proceedings in the State courts then pending, or thereafter to be brought, by any creditor or person having adverse interests against the bankrupt, or his assets after bankruptcy." See page 318; and he instances the case of suits brought in the State courts by various mortgagees to enforce their several liens, as an illustration of the evils that would attend a contrary construction; after enumerating which, he says in 319—" all this, however, is completely avoided by bringing the whole matters in controversy between all the mortgagees before the district court or circuit court, making them all parties to the summary proceedings in equity, and thus enabling the court to marshal the rights, and priorities, and claims of all the parties; and by a sale and other proceedings, after satisfying the just claims of the mortgagees, applying the residue of the assets, if any, for the benefit of general creditors.

The same doctrine is announced in the subsequent case of *Norton's assignee vs. Boyd et al. in the same vol., page* 437— and the judge who had expressed a dissenting opinion in the first case in giving his views in *Norton's assignee vs. Boyd, in page* 440, *says :* " That a mortgage can be foreclosed in the bankrupt court, and the lien given by it preserved there, I have never doubted if the jurisdiction of the State court had not attached, and was not ousted by the proceedings in bankruptcy."

Both those were cases in which the State courts had actually assumed and exercised jurisdiction before the petition of the bankrupt. The court in each, and after elaborate argument, decide that the district court has the authority, as the circumstances of the case may demand, to interpose and claim exclusive jurisdiction, or allow the proceedings to be consummated in the State courts. But the unquestionable result of both decisions, is to clothe the assignee with ample authority to administer the assets, whether real or personal; and especially to sell mortgaged estates, and of course, to pass a title to the purchaser in every case where " the jurisdiction of the State court had not attached."

The appellee in this case had full remedy in the district court, and would doubtless, on a proper application there, be treated as an incumbrancer upon the premises sold.

As an equitable mortgagee, he held a specific lien on the premises sold, in the hands of his vendee, and in the hands of any voluntary assignee, or an assignee taking by force of a legal proceeding, which entitled him to have his lien enforced against the proceeds of the mortgaged premises, precisely, as if it had been an actual mortgage regularly acknowledged and recorded.

If the property has produced less at the assignee's sale than it should or could have been sold for, it is a consideration which cannot affect the question of jurisdiction.

**DECREE REVERSED, AND BILL DISMISSED WITHOUT COSTS.**